MILLS, Acting Chief Judge.
A jury found Gaskins guilty of forging and uttering three state pay warrants. He *475 appeals contending the trial court erred in denying his motion for judgment of acquittal. We agree.
The State failed to prove that Gas-kins signed the warrants. Its handwriting expert was unable to state that Gaskins signed the warrants. Although Gaskins’ fingerprints and palmprints were found on the warrants, there was no evidence that the prints were put there while he allegedly signed the warrants. This was necessary.
The State failed to prove that Gas-kins uttered the forged warrants. A witness for the State stated that the man who cashed the warrants was driving a truck with the words “Custom Deluxe 10” written on the side. The evidence adduced by the defendant showed that Gaskins’ truck had the words “K-5 Blazer” written on the side and that he did not have access to a vehicle such as the one described by the State’s witness. Another State’s witness, who briefly glimpsed the man at a distance on the bank’s television screen asked if he was Gaskins who he had not seen for several years. At trial, this witness could not identify Gaskins as the man he had seen on the television screen. The State failed to adduce evidence that Gaskins’ fingerprints and palmprints were placed on the warrants while committing the charged crime. In addition, there were prints on the warrants which were never identified. Gaskins submitted evidence that he handled the warrants and pay envelopes in carrying out the duties of his employment. The evidence concerning the charge of uttering is as consistent with innocence as with guilt. Williams v. State, 308 So.2d 595 (Fla. 1st DCA 1975).
Under the facts of this case, the trial court erred when it denied Gaskins’ motion for judgment of acquittal.
The judgments and sentences on all six counts of which Gaskins was adjudged guilty are reversed.
SMITH, J., and DRURY, ARVEL, Associate Judge, concur.